FILED
CLERK, U.S. DISTRICT COURT

FEB 17 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. CR 04-630 AHM -2 |
| Plaintiff, ) | ORDER OF PRETRIAL DETENTION AFTER HEARING |
| v. ) | (18 U.S.C. § 3142(i)) |
| NOELLE BECK, ) | |
| Defendant. ) | |

I.

A.   ( ) Upon motion of the Government in a case that involves:

    1.   ( ) a crime of violence or an offense listed in 18 U.S.C. § 2332b(g)(5)(B), for which a maximum term of imprisonment of ten (10) years or more is prescribed; or

    2.   ( ) an offense for which the maximum sentence is life imprisonment or death; or

    3.   ( ) an offense for which a maximum term of imprisonment of ten (10) years or more is prescribed in the Controlled Substances Act, Controlled Substances Import and Export Act or Maritime Drug Law Enforcement Act; or

        4.  ( ) any felony if defendant has been convicted of two or more offenses described in subparagraphs 1-3 above, or two or more state or local offenses that would have been offenses described in subparagraphs 1-3 above if a circumstance giving rise to federal jurisdiction had existed, or a combination of such offenses.

        5.  ( ) any felony that is not otherwise a crime of violence that involves a minor victim, or possession or use of a firearm or destructive device or any other dangerous weapon, or a failure to register under 18 U.S.C. § 2250.

B.  Upon motion ( x ) of the Government ( ) of the Court <u>sua sponte</u>, in a case that involves:

        1.  (x) a serious risk that defendant will flee;

        2.  ( ) a serious risk that defendant will

           a.  ( ) obstruct or attempt to obstruct justice; or

           b.  ( ) threaten, injure, or intimidate a prospective witness or juror or attempt to do so.

C.  The Government ( ) is (x) is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure defendant's appearance as required and the safety of any person or the community.

## II.

A. ( x ) The Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of defendant as required;

B. ( ) The Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

## III.

The Court has considered:

A. (x) the nature and circumstances of the offense(s) charged;
B. (x) the weight of the evidence against defendant;
C. (x) the history and characteristics of defendant;
D. (x) the nature and seriousness of the danger to any person or the community that would be posed by defendant's release;
E. (x) the Pretrial Services Report/Recommendation;
F. (x) the evidence proffered/presented at the hearing;
G. (x) the arguments of counsel.

///
///
///
///
///
///

IV.

The Court concludes:

A.  ( ) Defendant poses a risk to the safety of other persons and the community based on: _____
_____
_____
_____

B.  (x) Defendant poses a serious flight risk based on: Defendant was aware of the charges while living in Pakistan and failed, for a significant period of time, to return to the United States to face the charges. Instead, her return to the United States (not the Central District of California (CDCA)) was motivated by other reasons (though she apparently recognized that a return to the United States would necessitate facing the charges in this matter and beginning in November 2009, made efforts to resolve the matter). Defendant has no ties to the CDCA. Defendant has proffered insufficient bail to provide defendant with a disincentive to flee/incentive to appear in the CDCA. More specifically, the nature and history of defendant's contact with her family members (the proposed sureties), suggest that defendant is out of touch with them except when she needs them (e.g., defendant did not advise her family that she was living in Pakistan; the family found her only through Google; defendant initiated contact with her family only when she suffered a personal loss). This suggests to the Court that (i) if defendant's family members posted bond, defendant's need for them would be significantly diminished; and (ii) defendant's regard for her family and the fact that they would suffer if she failed to appear is

insufficient to incentivize her to appear.  The Court also notes that in defendant's 30 years, she has never had a job - a fact that suggests a lack of stability and personal responsibility which supports the Court's conclusion that she is a flight risk.

    C.    ( ) A serious risk exists that defendant will:

        1.    ( ) obstruct or attempt to obstruct justice;

        2.    ( ) threaten, injure or intimidate a prospective witness or juror or attempt to do so;

based on: _____

_____

_____

_____

    D.    ( ) Defendant has not rebutted by sufficient evidence to the contrary the presumption provided in 18 U.S.C. § 3142(e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community;

and/or

( ) Defendant has not rebutted by sufficient evidence to the contrary the presumption provided in 18 U.S.C. § 3142(e) that no condition or combination of conditions will reasonably assure the appearance of defendant as required.

    IT IS ORDERED that defendant be detained prior to trial.

    IT IS FURTHER ORDERED that defendant be committed to the custody of the Attorney General for confinement to a corrections facility

///

separate, to the extent practicable, from persons awaiting or serving sentences or persons held in custody pending appeal.

IT IS FURTHER ORDERED that defendant be afforded reasonable opportunity for private consultation with defendant's counsel.

IT IS FURTHER ORDERED that, on Order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED:    February 17, 2010

_____/s/_____
HONORABLE JACQUELINE CHOOLJIAN
United States Magistrate Judge